OPINION
Appellant John Copley appeals the April 27, 1999 Judgment Entry of the Delaware County Court of Common Pleas, Juvenile Division, which adjudicated appellant a delinquent child, and the May 26, 1999 Judgment Entry which overruled appellant's objections to the magistrate's decision. Appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
Via complaints filed November 24, 1998, in the Delaware County Court of Common Pleas, Juvenile Division, appellant was charged with one count of rape, which if committed by an adult would be a violation of R.C. 2907.02(A)(2); and one count sexual battery, which if committed by an adult would be a violation of R.C.2907.03(A)(1). On November 30, 1998, appellant denied both charges in writing. The matter was scheduled for a March 2, 1999 trial, at which time the following evidence was adduced. The victim, Sammy Gillespie, testified she first met appellant at a party at the home of Dan and Dawn Hutchinson in early October, 1998. She did not know appellant prior to that meeting. At some point during the evening, the victim left the party and went upstairs in search of a cigarette lighter. Appellant followed the victim to a bedroom and asked the victim if they could talk. After talking for a few minutes, the victim testified appellant "sat her down on the bed" and then sat next to her. Appellant began kissing the victim, but she asked him to stop because she had a boyfriend. Appellant then "laid her down on the bed" and got on top of her. The victim testified she did not say anything to appellant or attempt to get away because she was scared and shocked. She further testified appellant held her down with his body or his hands while he pulled down her pants and underwear and then removed his own pants. Appellant then placed a condom on his penis and proceeded to have intercourse with the victim. After appellant was finished, he got up, got dressed, and left the room. The victim testified she knew appellant intended to have sex with her, but did not tell him to stop until "after there was intercourse." T. at 23. After appellant had left the room, the victim dressed and yelled for her friends. She asked them to take her outside until her mother could arrive to pick her up. On the way outside, the victim stopped to speak to her boyfriend on the telephone. Apparently, the victim's boyfriend had already been notified by mutual acquaintances of the incident. Appellant's testimony presented a much different story. Appellant testified the victim agreed to go upstairs with him where it was quieter. After talking for a few minutes, appellant asked the victim if he could kiss her. After she consented, he began kissing her and she began to take off her clothes. Appellant further testified he left the room to take off his clothes and to put on two condoms. When he returned to the room she was completely naked and "she put [appellant] inside her." Appellant testified the two then had consensual sex. During this interlude, a mutual friend, Bo Bohanan, opened the door and caught the two in the act. Appellant testified Mr. Bohanan said "oh shit" to which the victim said "its okay." Mr. Bohanan then left the room. Appellant stated he stopped the act because he felt guilty he was cheating on his girlfriend. He then left the room to flush the condoms. When he returned, the victim was dressing herself. He left the room, and on his way back to the party, Dawn Hutchinson handed him the telephone to speak with the victim's boyfriend. At the close of the evidence, the magistrate found the State had failed to prove the charge of rape, but had proven the charge of sexual battery. Accordingly, the magistrate adjudicated appellant a delinquent child, and ordered him remanded into custody. The trial court approved the magistrate's decision and entered it as the court's order on April 27, 1999. On April 30, 1999, appellant filed objections to the magistrate's decision. In a May 26, 1999 Judgment Entry, the trial court overruled each of appellant's objections. It is from this judgment entry appellant prosecutes this appeal assigning as error the following:
 I. JOHN COPLEY WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL AND DUE PROCESS OF LAW WHEN HIS TRIAL COUNSEL FAILED TO SECURE THE ATTENDANCE OF A CRITICAL WITNESS AND FAILED TO REQUEST A CONTINUANCE OF TRIAL IN ORDER TO ENFORCE THE SUBPOENA ISSUED FOR THAT WITNESS.
 II. JOHN COPLEY WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL AND DUE PROCESS OF LAW WHEN HIS TRIAL COUNSEL FAILED TO OBTAIN A COMPLETE RECORD OF PROCEEDINGS BEFORE THE MAGISTRATE WHEN OBJECTING TO THE REPORT AND RECOMMENDATION OF THE MAGISTRATE.
 III. THE TRIAL COURT ERRED WHEN IT DENIED JOHN COPLEY'S MOTION FOR JUDGMENT OF ACQUITTAL, AS THE STATE FAILED TO PROVE AN ESSENTIAL ELEMENT OF THE OFFENSE OF SEXUAL BATTERY, TO WIT: KNOWING COERCION, BEYOND A REASONABLE DOUBT.
 I
In his first assignment of error, appellant maintains his was denied effective assistance of counsel when his trial counsel failed to secure the attendance of Mr. Bohanan at the trial. We disagree. The standard of review of an ineffective assistance of counsel claim is well-established. Pursuant to Strickland v. Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 2064,80 L.Ed.2d 674, 673, in order to prevail on such a claim, the appellant must demonstrate both (1) deficient performance, and (2) resulting prejudice, i.e., errors on the part of counsel of a nature so serious that there exists a reasonable probability that, in the absence of those errors, the result of the trial court would have been different. State v. Bradley (1989), 42 Ohio St.3d 136,538 N.E.2d 373; State v. Combs, supra. Judicial scrutiny of counsel's performance is to be highly deferential, and reviewing courts must refrain from second-guessing the strategic decisions of trial counsel. To justify a finding of ineffective assistance of counsel, the appellant must overcome a strong presumption that, under the circumstances, the challenged action might be considered sound trial strategy. Strickland at 689, 104 S.Ct. At 2065,80 L.Ed.2d at 694-695; State v. Wickline (1990), 50 Ohio St.3d 114,126, 552 N.E.2d 913, 925. Prejudice from defective representation sufficient to justify reversal of a conviction exists only where the result of a trial was unreliable or the proceeding fundamentally unfair because of the performance of trial counsel. Lockhart v. Fretwell (1993), 506 U.S. 364, 113 S.Ct. 838, 842-843,122 L.Ed.2d 180, 189-191. This standard is set forth in State v. Carter (1995), 72 Ohio St.3d 545, 557-558. Appellant argues the testimony of Mr. Bohanan, an independent eyewitness to the incident, would have been powerful evidence of the existence or nonexistence of coercion. At trial, appellant's counsel attempted to introduce a statement made by Mr. Bohanan because Mr. Bohanan was "unavailable" pursuant to Evid.R. 804(A)(2). However, at no time did trial counsel proffer either the testimony contained in the statement or testimony Mr. Bohanan would most likely have given if he were present in court. Accordingly, we have nothing in the record to analyze whether any statement Mr. Bohanan would have made would have been exculpatory in nature. For this reason, we find appellant is unable to show prejudice under the second prong of Strickland. Appellant's first assignment of error is overruled.
 II
In his second assignment of error, appellant maintains he was denied effective assistance of counsel because his trial counsel failed to obtain a transcript of the hearing before the magistrate for the trial court to use when reviewing appellant's objections to the magistrate's decision. We note we use the same standard of review for ineffective assistance of counsel as set forth in Assignment of Error of I. Civ.R. 53(E)(3)(b) states: Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available.
Appellant made no attempt to supplement the record before the trial court or provide an affidavit describing the missing testimony. From the state of the record, we cannot determine whether or not appellant was prejudiced by statements made but not recorded. Because this information is de hors the record, appellant's second assignment of error must fail under the second prong of Strickland. Appellant's second assignment of error is overruled.
 III
In his third assignment of error, appellant contends the trial court erred in denying his motion for judgment of acquittal as the State failed to prove "knowing" coercion beyond a reasonable doubt. In order to prove sexual battery, the State had to prove each element of R.C. 2907.03, which states in pertinent part:
Sexual Battery
 (A) No person shall engage in sexual conduct with another, not the spouse of the offender, when any of the following apply;
 (1) The offender knowingly coerces the other person to submit by any means that would prevent resistance by a person of ordinary resolution.
* * *
Appellant maintains the State was unable to prove the requisite mental state, "knowingly." Knowingly is defined in R.C. 2901.22 as follows:
Culpable mental states
 (B) A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist.
The victim testified appellant laid on top of her and held down her arms. She further testified she told appellant to stop. We find this testimony sufficient, if believed, to prove appellant was aware his conduct was of a coercive nature. Appellant's third assignment of error is overruled.
The April 27, 1999 and May 26, 1999 Judgment Entries of the Delaware County Court of Common Pleas, Juvenile Division, are affirmed.
 _______________________ HOFFMAN, P.J.
WISE, J. and READER, V.J. concur.